KOSIBA *v.* GARY WHOLESALE GROCERY COMPANY ET AL.

[No. 13,906.   Filed February 21, 1930.]

*Gavit, Hall, Smith & Gavit,* for appellant.
*Wildermuth & Force,* for appellees.

ENLOE, J.—The appellee, Gary Wholesale Grocery Company, was the holder of a promissory note in the sum of $10,000, signed by appellant and others, and secured by a mortgage upon certain real estate in the city of Gary, and, being such holder, it brought this action upon said note and also asked for a foreclosure of said mortgage.

Appellant filed an affirmative paragraph of answer to said complaint, wherein he alleged that, at the time said note was executed, one Zege Piotrowski (who was also one of the makers of said note and who is hereinafter referred to as "Zege") was the defendant in a certain criminal action then pending in the Lake Criminal Court, which action had been instigated by the appellee, Gary Wholesale Grocery Company, and, in which action, the said "Zege" had been charged with the crime of embezzlement—feloniously taking money belonging to his employer, the Gary Wholesale Grocery Company; that

the said grocery company and the said "Zege" had "contracted and agreed by and between themselves to settle and compromise said criminal prosecution, and the note and mortgage sued on herein were given and executed in settlement and compromise of said criminal prosecution."

The issues being closed, the cause was submitted to the court for trial, and resulted in a finding for appellee grocery company, and that its said mortgage should be foreclosed; there was a decree accordingly, from which this appeal is prosecuted. The alleged errors presented are those hereinafter considered.

The first question presented is as to the sufficiency of the evidence, and as to the decree being contrary to law. The answers to these questions involve and require the consideration of a portion of §2584 Burns 1926, and which portion of said section is as follows: "Whoever, having knowledge of the actual commission of a crime of the grade of felony, takes any money or property of another, or any gratuity or reward, or any engagement or promise therefor, upon any agreement or understanding, express or implied, to compound or conceal such crime, or to abstain from any prosecution therefor [thereof], or to withhold any evidence thereof, or do any act to encourage or procure the absence of witnesses or other evidence on the examination or trial of such charge, is guilty of a felony, and on conviction, shall be punished as follows," etc.

The burden of establishing the fact of the violation of this statute was upon the appellant. The testimony offered and received in this case establishes the following facts without dispute: Zege Piotrowski had been an employee of the said grocery company for some time prior to May 31, 1927; on that day he was short in his accounts as to money by him collected for his employer, to the amount of several thousand dollars,

and one Hall, the treasurer of said company, filed an affidavit charging said employee with the crime of embezzlement—embezzling the money of said grocery company—which affidavit was filed in the city court of Gary, Indiana, and a warrant for the arrest of said Piotrowski was at once issued; his arrest followed, and he was bound over to the Lake Criminal Court; after his arrest, Piotrowski employed one Key, an attorney of Gary, to represent him in said matter, and the matter of settling his said shortage was taken up with his former employer and its attorneys; the accused was a man of family, and, before this time, had had the esteem and confidence of his employers, and also the respect of all persons who knew him. A number of conferences were had by the attorneys and parties directly interested, at which friends of the accused were present, looking to a settlement of said shortage. Friends and relatives of the accused came to his assistance and finally the note and mortgage involved herein were executed. At this point, the conflict in the testimony of the witnesses commences.

A brother of the accused, one of the signers of said note, testified that, in a conversation with Hall, the treasurer of said company, Hall, in substance, said: That Zege, my brother, was the finest man they had on the road; that it was a pity to send him over the road, and if we could adjust the same—have it repaid in weekly payments—and if we could get some security on it, he would drop the case, and that he told Hall that he thought they could get Mr. Kosiba, and Hall said that would be all right; that Hall further said: "If you give us this security, we are not going to prosecute Zege, we will drop the case." Other witnesses testified to similar statements as having been made either by Hall or by Mr. Haupric, another officer of said company. The appellant testified that he had a conversation with Hall and

that Hall said they had settled with Zege; that Zege was to go back to work and that they were going to take $50 a week out of his pay until the debt was paid; and that they were going to drop everything and not prosecute Zege; and that, upon this statement, he signed the note in suit.

Hall, Haupric, Key and Force—the last two being the persons who had acted as attorneys in the matter of said settlement—each testified to a contrary state of facts—that no such statements or promises were made. They testified that the only promise made was a promise that they would, if called as witnesses, tell the court that restitution had been made, and that they would be satisfied with a suspended sentence, or with whatever action the court and the prosecuting attorney might take; that they could not control the prosecution and could not promise him immunity, but that, if he made restitution, the chances were that the court would take that into consideration; and also that, if he could establish a good clean record up to the time of the trial, it was possible that the court would suspend his sentence.

Whether the promise to dismiss said prosecution, as testified to by appellant and his witnesses, was in fact made, was a question of fact for the trial court, and that court found against the appellant upon this issue. It is clear that the promises made, as testified to by the witnesses for the appellee company, are not within the above-quoted section of the statute, and we know of no public policy which said promises contravene and thereby render said note and mortgage void. We find no error.

Affirmed.